## CIRCUIT COURT OF FAIRFAX COUNTY

W. M. Schlosser Co., Inc.

v.

Fairfax County

August 3, 1989

Case No. (Law) 90537

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on the Plea in Bar of Defendant County of Fairfax. The plea is sustained.

Plaintiff's Motion for Judgment prays for the payment of additional sums allegedly due pursuant to a construction contract awarded and administered by the County. Plaintiff initially submitted its request for an adjustment of the contract amount on October 16, 1986. After further submissions, the County, through the Director of the Department of Public Works, rejected Plaintiff's claim by letter dated April 14, 1988. Plaintiff appealed this decision to the County Executive on March 28, 1989. The County Executive, by letter dated April 5, 1989, deemed the Director's April 14, 1988, decision "final and conclusive." Plaintiff subsequently brought this action. The County avers that the Director's decision cannot now be attacked since Plaintiff did not initially appeal the Director's decision in a timely manner.

Section 11-69(D) of the Virginia Code is dispositive of the issue. This section is applicable to this case through operation of paragraphs 7.1 and 7.2 of the contract in question. Section 11-69(D) provides that "the decision of the public body shall be final and conclusive unless the contractor appeals within six months of the date of the final decision on the claim by the public body . . ." The Code states that the party appealing must either invoke

administrative procedures or institute legal action within the limitation period. Plaintiff in this case did neither within the six-month time frame, waiting almost a full year before invoking an administrative appeal. Due to this delay and by operation of § 11-69(D), the County Executive correctly deemed the Director's decision "final and conclusive."

Plaintiff attempts to avoid this result by asserting that the Director's decision was not a "final decision" as contemplated by § 11-69(D), thus eliminating the applicability of the appeal limitation period. Plaintiff bases this contention on two points.

First, Plaintiff claims that the April 14, 1988, letter did not state on its face that it constituted the Director's final decision. The Court does not believe that the statutory scheme of the Virginia Public Procurement Act requires a public body to emblazon the words "FINAL DECISION" across the face of a letter decision to put a party on notice that the appeal period has begun to run. The Court believes that the content and character of the letter in question could leave no doubt in Plaintiff's mind that the letter embodied a final decision for the purposes of § 11-69(D).

Plaintiff further contends that certain actions allegedly undertaken by the County beginning in November of 1988 estop the County from asserting that the April 14, 1988, letter was a final decision. Since the six-month appeal period had already expired as of November, 1988, circumstances at that late date are irrelevant.

The crux of the matter is that Plaintiff should have known that the Director's letter was a final decision under § 11-69(D) and that the statutory appeal period expired on October 14, 1988. Plaintiff having taken no action to perfect an appeal in that time frame, the Court must deem the Director's decision "final and conclusive," with no recourse available to Plaintiff.