## CIRCUIT COURT OF FAIRFAX COUNTY

General Excavation, Inc.

v.

Fairfax County
Board of Supervisors

November 24, 1993

Case No. (Law) 123939

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on the Defendant's Plea in Bar. For the reasons set out below, the Plea in Bar is sustained.

Plaintiff, General Excavation, Inc. ("GEI"), entered into a Contract with the Defendant, Fairfax County Board of Supervisors (the "Board"), to widen and improve Rolling Road between Burke Road and Burke Lake Road in Fairfax County, Virginia. GEI filed a Motion for Judgment pursuant to this Contract, alleging that the Board has failed and refused to make payment to GEI for certain work that it performed. In response, the Board filed its Plea in Bar, first alleging that GEI's claims set forth in Counts I through IV in its Motion for Judgment are barred because of GEI's failure to comply with applicable statutory and contractual notice provisions. It also alleges that plaintiff's value engineering claim as set forth in Count VI is barred for failure to seek timely judicial review of the county executive's decision denying the claim. For the reasons set forth below, the County's Plea in Bar is sustained as to Counts I through IV and Count VI.

Note that the Board has conceded liability on Count V, the manhole cover. Consequently, this Count survives the Plea in Bar.

With respect to the defendant's first ground based on certain notice requirements, the Board cites § 11–69(A) of the Virginia Public Procurement Act, which provides that: Contractual claims, whether for money or other relief, shall be submitted in writing no later than sixty days after final payment; however, written notice of the contractor's intention to file such claim shall have been given at the time of the occurrence or beginning of the work upon which the claim is based. The Board also cites paragraph 12.10.1 of the Contract, which states that:

> [I]f the Contractor wishes to make a claim for increase in the Contract Sum and/or Time, he shall give the [Architect/Engineer] written notice thereof within twenty (20) calendar days after the occurrence of the event giving rise to such claim . . . . No claim shall be allowed and no amounts paid for any and all costs incurred more than twenty (20) days prior to the time notice is given to the [Architect/Engineer] as herein provided.

In its Opposition to the Plea in Bar, GEI argues that its failure to satisfy these notice provisions does not bar its claims, a contention for which GEI offers several supporting arguments. GEI postulates that: (1) the notice requirements do not apply to Count I of the Motion for Judgment, a unit-price item, because there was no increase or change in the scope of work; (2) the notice requirements were satisfied, in that the Board had actual or constructive knowledge of the work; (3) the Board waived its right to require notice under both the statute and the contract; (4) the Architect/Engineer orally modified the Contract, deleting the notice requirements; and (5) in the event the oral modifications are found to be unenforceable, GEI is entitled to recover on a theory of *quantum meruit*.

At the hearing on the Plea in Bar, the Court specifically rejected the contention that work performed on a unit-price basis does not constitute a change in the scope of the work as contemplated by the contract. Consequently, the Court ruled that the contract's notice provisions applied to unit-price items. The Court also ruled that constructive or actual knowledge does not vitiate the requirement of actual, written notice under Virginia law. *See Main v. Department of Highways*, 206 Va. 143 (1965). The Court further found that with regard to the *quan-*

*tum meruit* claim, under Virginia law, recovery cannot be had when there is an express contract in place. *Main v. Department of Highways*, 206 Va. 143 (1965); *Ragland v. Commonwealth*, 172 Va. 186 (1939). In light of the existence of an express contract between the parties in this case, the Court found that the claim in *quantum meruit* must fail.

The Court took the remaining matters under advisement. Upon review of the relevant case law, I find that the failure to comply with the notice required by statute is determinative of the issues before me, and that it is unnecessary to address further the plaintiff's arguments based on contract principles.

The contention that the Board waived its right to require notice under Va. Code § 11–69(A) is inconsistent with well-settled law in Virginia that waiver and estoppel do not apply to a political subdivision of the State when acting in its governmental capacity. *Main v. Department of Highways*, 206 Va. 143 (1965).

The Board is here acting in its governmental capacity and any attempt to waive a duly promulgated statutory requirement would be in excess of the delegated powers of the Board, and by extension, any employee of the Board. *County of York v. King's Villa*, 226 Va. 447, 309 S.E.2d 332 (1983) (public entity not bound by *ultra vires* acts of employees or agents). Furthermore, through the Virginia Public Procurement Act, the Virginia Legislature has established the notice requirements to be met as a prerequisite to suit brought pursuant to a contract dispute against a public entity. Any attempt by the Board, or its agents and employees, to dispense with this requirement would violate the Dillon Rule and would be void *ab initio. Spotsylvania County School Board v. Sherman Construction*, 14 Va. Cir. 333 (1989).

With respect to its second contention, GEI states that the County Executive's decision denying GEI's value engineering claim is void and cites in support of this contention the decision in *W. M. Schlosser Co., Inc. v. Board of Supervisors of Fairfax County*, 245 Va. 451, 428 S.E.2d 919 (1993). In *Schlosser*, the Virginia Supreme Court held that the County Executive is not a "disinterested" party as required by Va. Code, § 11–71(B), and that his determination was accordingly void. GEI seeks to have the *Schlosser* decision applied retroactively to its case.

I find that GEI's claim is barred because it was not made within the thirty day appeal period prescribed by Va. Code § 11–71(B) for seek-

ing judicial review of the County Executive's decisions. Accordingly, I need not consider whether *Schlosser* applies retroactively.