## CIRCUIT COURT OF FAIRFAX COUNTY

R. J. Crowley, Inc.

v.

Fairfax County
School Board

September 24, 1996

Case No. (Law) 150786

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon the Defendant's Pleas in Bar and Demurrer. An evidentiary hearing took place on September 4th, 5th, and 9th, at which time both parties presented testimony, exhibits, substantial briefs, and oral argument. The Court took the issues under advisement to allow full consideration of the written material. Having now reviewed the exhibits, briefs, and underlying authorities, the Court now makes the following findings of fact and conclusions of law.

### Applicable Notice of Claim and Substantiation Requirements

The Defendant correctly states that the Virginia Procurement Act is controlling in this case. The Procurement Act specifically requires contractors to give written notice of their intent to file a claim against a public body at the time of the occurrence or at the beginning of the work upon which the claim is based. Va. Code § 11-69(A). Additionally, the Procurement Act requires each public body to include in its contract a procedure for consideration of contractual claims. Va. Code § 11-69(B). Consistent with this requirement, the Contract between Crowley and the School Board states:

A. The Contractor must *within five (5) days* after the occurrence of the event giving rise to such claim deliver to the Director of the Office of Design and Construction a written statement specifying such damage and detailing the basis of the claim against the Owner.

B. *Within twenty (20) days* after delivering such notice, the Contractor must make and deliver to the Director of the Office of Design and Construction an itemized breakdown of the nature and amounts of such damages, duly verified by the Contractor and notarized. This itemized breakdown shall be made to the fullest extent possible, *otherwise the claim shall be deemed to be waived*. Paragraph 8.05 of the Contract. [Emphasis added.]

Failure to follow the requirements of the Procurement Act bars a claim against the public body. See *General Excavation, Inc. v. Fairfax County Bd. of Supervisors*, 33 Va. Cir. 120 (1993); *Main v. Department of Highways*, 206 Va. 143, 149-50 (1965). In this case, the work for which Crowley is seeking compensation occurred in 1993; however, the Court finds that written notice of the claim was not submitted until 1995. Thus, the Procurement Act and the Contract between Crowley and the School Board bar the claims in this case.

### *Count I: Chilled Water Piping Claim*

Crowley alleges that in 1993, its subcontractor did work for which Crowley is now seeking compensation. The Court finds that Crowley did not give written notice of this claim until 1995, well past the required time. Thus, the Chilled Water Piping Claim is barred by the Contract and the Procurement Act.

The Court is not persuaded that the letters from Crowley to the county representatives (which forwarded letters that Crowley had received from its subcontractor) dated August 4, 1993, August 16, 1993, and various other letters constitute the written notice required by the Procurement Act and the Contract. These letters merely update the School Board on the status of the project and do not show any intent of Crowley to submit a claim for the work done.[1]

---

[1] In particular, the Court finds that the Letter dated August 16, 1993, is not a notice of claim to the School Board by Crowley. This letter forwarded a letter from the subcontractor (CCI) in which it advised Crowley that it would be submitting a claim against Crowley for the work done. Nothing in this letter advises the School Board that Crowley will be submitting a claim against the School Board.

Additionally, the mere fact that Crowley had knowledge of the underlying events occurring at the Project Site does not mean that the School Board had notice under the Procurement Act and the Contract. "Constructive or actual knowledge does not vitiate the requirement of actual, written notice under Virginia law," *General Excavations, Inc. v. Fairfax County Bd. of Supervisors, supra,* 121. In addition, the mere fact that the School Board knew of the circumstances of the Chilled Water Piping situation is not sufficient to invoke the doctrine of estoppel. "[I]t is well settled that the doctrine of estoppel does not apply to the rights of a State when acting in its sovereign or governmental capacity." *Main v. Department of Highways, supra,* 151.

Finally, the Court finds unpersuasive the argument that final payment is the event that gives rise to the claim. In its brief, Crowley argued that the Procurement Act's language stating that contractual claims "shall be submitted in writing no later than sixty days after final payment" means written notice need only be given after final payment. However, the Court finds otherwise. Specifically, the statute states:

> Contractual claims, whether for money or other relief, shall be submitted in writing no later than sixty days after final payment; however, written notice of the contractor's intention to file such claim shall have been given at the time of the occurrence or beginning of the work upon which the claim is based. Va. Code § 11-69(A).

It is clear from the statute that before a claim can be made within the sixty-day period after final payment, the contractor must have given notice earlier. As the Procurement Act states, written notice of an intention to file a claim must have been given at the time of the occurrence. Therefore, Crowley must have given notice earlier in order to submit a claim within the sixty-day period following final payment.

Based on the facts of this case, the Court finds that no notice was given as required by the Procurement Act and the Contract. Thus, the Plea in Bar to Count I is sustained.

### Count II: Acceleration Claim

Following the same logic as discussed in Count I, the Court also finds that the Acceleration Claim is barred by the Procurement Act and the Contract. With respect to this claim, the Court finds that Crowley has failed to give proper notice as required. Here, Crowley offers several letters that were written to the School Board as evidence of notice. (Plaintiff's Exhibits 1 – 14.)

However, the Court finds that these letters are insufficient notice of a claim. These letters merely advise the School Board of the progress of the work site. No letter noticing a claim against the School Board occurs until February 7, 1995, a time well after the period Crowley had to give notice.

Based on these facts, the Court finds that sufficient notice was not given as required by the Procurement Act and the Contract. Thus, the Plea in Bar to Count II is sustained.

### Count III: Superior Knowledge Claim

The "Superior Knowledge" Claim initially raises the question whether it is a new claim arising from the amendment to the Motion for Judgment or an alternative pleading based upon the same alleged notice analyzed above. If it is the latter, it fails for the same reasons previously stated. If it is the former, there is a clear failure to exhaust administrative remedies. Under the Procurement Act, "[a] contractor may not ... institute legal action as provided in § 11-70 of this Code, prior to receipt of the public body's decision on the claim, unless the public body fails to render such decision within the time specified in the contract." Va. Code § 11-69(C). In this case, Crowley has not presented the "Superior Knowledge" Claim to the School Board prior to adding the claim to its Motion for Judgment. Therefore, the claim is barred by the Procurement Act.

### The Statute of Limitations

The School Board correctly argues that the statute of limitations bars the motion for judgment. Even assuming that Crowley gave proper written notice to the School Board, the motion for judgment would still fail. The Court finds that the time to bring an action on its claims passed before Crowley filed its motion for judgment. Thus, this action is barred by the statute of limitations.

As noted earlier, the Contract provides a procedure for resolving contractual claims. After the contractor submits a claim, the Contract requires the Director of Design and Construction or his designee to give a final decision, within 25 days. If the contractor wishes to appeal the decision, the Procurement Act provides a six-month statute of limitations. Va. Code § 11-69(D).

In this case, the Court finds that the School Board rendered its final decision in a letter dated April 24, 1995, signed by Brett Willett, the Project

Manager.[2] Based upon the testimony and the facts in this case, the Court finds that Brett Willett was the designee of the Director of Design and Construction for this particular matter and that the letter constituted a final decision.[3] Thus, the statute of limitations began to run on April 24, 1995, and ended six months thereafter. Crowley did not file this action until March 18, 1996, well after the statute of limitations period. Based on this fact, all three counts of the Motion for Judgment are barred by the statute of limitations and are dismissed with prejudice.

## Conclusion

As stated above, the Court sustains the specific Pleas in Bar and dismisses this action. The remaining Demurrer and Pleas in Bar are moot and therefore are not addressed in this opinion.

---

[2] The letter specifically states: "We have reviewed the contract documents and our consultants' comments and herein render our *final decision in this matter*. We are in complete and full agreement that CCI's Claims are without merit with regard to the owner and are denied." Defendant's Exhibit 4, page 1 (emphasis added).

[3] See *W. M. Schlosser Co. v. Fairfax County*, 17 Va. Cir. 246 (1989) ("The Court does not believe that the statutory scheme of the Virginia Public Procurement Act requires a public body to emblazon the words 'Final Decision' across the face of a letter decision to put a party on notice that the appeal has begun to run. The Court believes that the content and character of the letter in question could leave no doubt in Plaintiff's mind that the letter embodied a final decision for the purposes of § 11-69(D).").