# CIRCUIT COURT OF FAIRFAX COUNTY

Type, Inc.

v.

George Mason
University

July 25, 2002

Case No. (Law) 201395

BY JUDGE KATHLEEN H. MACKAY

This case comes before the Court upon Defendant's Plea in Bar alleging that Plaintiff's Motion for Judgment does not conform to the rules of the Virginia Public Procurement Act. After hearing oral arguments, the Court took the case under advisement. For the reasons set forth below, the Plea in Bar is overruled.

## Procedural History

January 23, 2002, Type, Inc., files a Motion for Judgment. February 20, 2002, George Mason University (GMU) responds with a Motion Craving Oyer, a Special Plea, and a Memorandum in Support of Special Plea.

March 27, 2002, Plaintiff files a Response to the Motion Craving Oyer and a Response to the Special Plea. April 17, 2002, Plaintiff files an Amended Response to the Motion Craving Oyer, an Amended Response to the Special Plea, and a Memorandum in Opposition to Defendant's Special Plea.

April 19, 2002, there is a hearing on Defendant's Special Plea; the Court takes evidence concerning contract, final payment, and decision on claim; the Court invites GMU to supply a reply memorandum to Type, Inc.'s amended response; the Court takes the case under advisement.

May 3, 2002, GMU files Reply Memorandum in Support of GMU's Special Plea.

## Basic Facts

The events giving rise to this litigation are listed in Plaintiff's Motion for Judgment. GMU and Type, Inc., entered into a contract whereby Type, Inc., would provide certain printing services for GMU from August 15, 2000, to August 14, 2003. GMU cancelled the contract on September 22, 2000. (Plaintiff's Exhibit A.) On the same day, Type, Inc., notified GMU that it would pursue lost profits and investments under the cancelled contract. (Plaintiff's Exhibit B.) Later that same day, GMU agreed to pay for "acceptable goods and services," but declined to provide compensation for lost profits or lost investment. (Defendant's Exhibit No. 2.)

On November 6, 2000, GMU sent a letter to Type, Inc., acknowledging that there were unpaid invoices. (Plaintiff's Exhibit C.) Mr. Hochberger, President of Type, Inc., testified on April 19th that, in early December 2000, he received a payment of approximately $14,000 from GMU. He received no further payments from GMU.

On December 29, 2000, Type, Inc., sent a claim for damages to GMU asking for $378,526.97. (Plaintiff's Exhibit D.) Mr. Russell, Assistant Director of Materiel Management at GMU, testified on April 19th that he had received a copy of the December 29th claim from Attorney Albo and that he was aware of the outstanding invoices at that time. Mr. Hochberger testified on April 19th that he never received a denial letter or disallowance of this claim.

At the April 19th hearing, Mr. Brandwine, Associate Vice President of Legal Affairs at GMU, testified that he had discussed the claims and a proposal with Mr. Albo. Though those discussions produced no results, Mr. Brandwine testified that GMU never made a final decision on Type, Inc.'s December 29th claim.

In November 2002, Type, Inc., submitted another claim for damages for $423,188.84. (Plaintiff's Exhibit E.) On January 23, 2002, Type, Inc., filed the Motion for Judgment. GMU avers that the claim must fail since Type, Inc., did not comply with the rules of the Virginia Public Procurement Act.

## Defendant's Theory

The defendant is correct in stating that the Virginia Public Procurement Act (VPPA) is controlling in this case. The first section of the "Terms and

Conditions & Instructions to Vendors" on the back of the contract explicitly states that the contract is subject to the Commonwealth of Virginia's Vendor's Manual. The Vendor's Manual, in Chapter One, states that the VPPA applies to contracts between state agencies and nongovernmental vendors. Thus, the VPPA must be applied to this case. Plaintiff's counsel supplied a copy of the contract to the Court by letter of May 7, 2002, and a copy of the Vendor's Manual by letter of May 15, 2002.

The VPPA conditions a suit against GMU based on the plaintiff's timely execution of three actions: (1) the plaintiff must provide GMU written notice of intention to file a claim at the time of the occurrence or beginning of the work upon which the claim is based, (2) the contractual claim must be submitted in writing no later than sixty days after final payment, and (3) a final claim decision by GMU must be appealed within six months of the date of the final decision. See Va. Code § 11-69. Failure to follow the requirements of the VPPA bars a claim against the public body. *R. J. Crowley, Inc. v. Fairfax County Sch. Bd.*, 41 Va. Cir. 55, 56 (1996). GMU concedes that Type, Inc., met the first condition; the parties dispute whether the second and third requirements were met.

*Legal Analysis*

A. *Did Type, Inc., Submit a Written Claim Within Sixty Days After Final Payment?*

Type, Inc., believes that both claims were made in a timely manner because no final payment was ever tendered by GMU. Although there is no disagreement that the late November (early December) payment was not actually marked as the "final" payment, the Court finds that Type, Inc., had adequate constructive notice that this was in fact the final payment. The Court believes that the circumstances surrounding the issuance of the check could leave no doubt in Plaintiff's mind that the check embodied the final payment for purposes of the Virginia Public Procurement Act.

Type, Inc.'s December 29, 2000, claim meets the requirements of the VPPA because it was submitted in writing within sixty days of final payment.

B. *Did Type, Inc., File Its Lawsuit Within Six Months After the Final Claim Decision?*

Type, Inc., believes that no final claim decision was made by GMU, thus the lawsuit was filed in a timely manner. GMU admits that it never sent a

written claim decision to Type, Inc. Instead GMU relies on § 7.19 of the Vendor's Manual to assert that there was a default denial of the claim when no decision was provided within thirty days of the claim's submission. GMU contends that Type, Inc., should have construed the elapse of thirty days to indicate a denial of the claim. Based on this logic, GMU asserts that the VPPA's six-month time period would require the lawsuit to be filed before August 2, 2001. Based on this interpretation, GMU would have the Court find that the January 2002 lawsuit was not filed in a timely manner.

GMU cites no authority for interpreting § 7.19 of the Vendor's Manual to indicate that the elapse of thirty days should be construed as an automatic denial of claim. The provision permits a lawsuit to be filed, but does not mandate it. The thirty days provision in § 7.19 seems to be a shield for GMU to allow claim decisions to be made without the distraction of a lawsuit. This provision should not be turned into a sword used to attack plaintiffs who afford GMU with ample time to make their claim decisions. In this case, Type, Inc., should not be expected to understand GMU's failure to respond as a denial of claim. Thus, Type, Inc., arguably did not receive written denial of the claim until GMU's February 20, 2002, Memorandum in Support of Special Plea.

Type, Inc.'s January 23, 2002, Motion meets the requirements of the VPPA because it was not submitted later than six months after the final claim decision, since no final claim decision was ever communicated to the Plaintiff prior to litigation.

*C. Is Type, Inc., Bound to the Dollar Amount in the December 29, 2000, Claim?*

In footnote 6 of the Reply Memorandum in Support of GMU's Special Plea, Defendant points out that the Plaintiff's Motion for Judgment asks for more money than was indicated in the timely December 29, 2000, claim. Defendant suggests that the Motion for Judgment should be amended to conform to the lower amount in the December 29, 2000, claim.

The Court disagrees. GMU has cited no authority for the proposition that the lawsuit must be limited to the exact dollar amount of the original claim. The VPPA contains no specific language enforcing conformity between the original claim and the resulting lawsuit. The Court will allow the Motion to go forward with the stated amount, but with no prejudice for the trial court to reconsider this issue.

For all the reasons stated in this opinion letter, Defendant's Special Plea fails.